When a decision is made in the Supreme Court, the entry of it printed in the Abstract, carries a reference to the data given in the case, and the docketing entry, thus enabling the lawyer to trace and have the fullest possible knowledge of the steps taken in it. This service is given only by the Abstract.

## MOTION DOCKET

Abingdon Storage Co. v. Volcheff ............... 20278

Akron (City) v. Price ......................... 20282

Brenner et v. Spiegle .......................... 20303

Fox v. Dickleman Mfg. Co. ..................... 20281

Kerr v. C. C. C. & St. L. Ry. Co................ 20279

Logan Gas Co. v. Keith, et ..................... 20297

Minnich v. Kirian, et ......................... 20284

Shadyside Land Co. v. Parrish Bros............. 20283

Watson, Admx. v. Watson ...................... 20293

Weisberg v. State ...:......................... 20302

Young v. State ............................... 20276

## GENERAL DOCKET

20087—John J. Jones, treas. et. v. Harry L. Conn et. Van Wert. Judgment reversed. Dock. 9-9-26, 4 Abs. 623; OS. Pend. 4 Abs. 786; OS. 5 Abs. 127.

20224—Clarence H. Sethman et v. Michael O'Neal et. Ottawa. Dismissed, no debatable constitutional question involved. Dock. 12-20-26, 4 Abs. 835.

20270—Blanche Ewers v. Industrial Commission. Lucas. Dismissed, no debatable constitutional question involved. Dock. 1-12-27, 5 Abs. 44.

## MOTION DOCKET

20276—Raymond Young v. State of Ohio. Motion for leave to file petition in error to .Hamilton Appeals. Overruled. Dock. 1-18-27, 5 Abs. 59.

20278—Abingdon Cartage & Storage Co. v. August Volcheff et. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 1-19-27, 5 Abs. 59.

20279—Harland Kerr v. C. C. C. & St. L. Ry. Co. Motion for Marion Appeals to certify. Overruled. Dock. 1-20-27, 5 Abs. 59.

20281—Ray A. Fox v. Dickelman Manufacturing Co. Motion for Seneca Appeals to certify. Overruled. Dock. 1-20-27, 5 Abs. 59.

20282—City of Akron v. Braxton Price. Motion for Summit Appeals to certify. Overruled. Dock. 1-22-27, 5 Abs. 59.

20283—Shadyside Land Co. v. Parish Bros. Motion for Mahoning Appeals to certify. Overruled. Dock. 1-24-27, 5 Abs. 73.

20284—Jerome Minnich v. Fred Kirian et. Motion for Lucas Appeals to certify. Overruled. Dock. 1-24-27, 5 Abs. 73.

20293—Kathryn Watson, admx. v. Audrey A. Watson, et al. Motion for Hamilton Appeals to certify. Overruled. Dock. 1-29-27, 5 Abs. 73; OA. 4 Abs. 534.

20297—Logan Gas Co. v. Wilbur Keith et. Motion for Guernsey Appeals to certify. Allowed. Dock. 2-1-27, 5 Abs. 73.

20302—David Weisberg v. State of Ohio. Motion for leave to file petition in error to Cuyahoga Appeals. Overruled. Dock. 2-1-27, 5 Abs. 73.

20303—Simon H. Brenner et v. Wilton M. Spiegle. Motion for Wayne Appeals to certify. Allowed. Dock. 2-1-27, 5 Abs. 73; OA. 5 Abs. 116.

## Weekly Abstract of PENDING CASES

EXPLANATION. The following statements, synopsizing cases recently docketed in the Supreme Court, were prepared by our editors, from the recitals, arguments, etc., appearing in the Motion to Certify, Briefs and other papers filed therewith.

It should be borne in mind that the Pending cases are, as yet, undecided, and the results merely problematical. They are published in the Abstract, premonitorially, to acquaint the Bar with the issues in them, and to confront the lawyers with knowledge that, as an authority, they, and former decision in the case, will be unsettled, until a final decision is made.

Consult the weekly Concordance closely, to ascertain the dispositions finally made of the cases by the higher courts.

For meaning of Abreviations, See Ternary Digest, page XII.

### No. 152
EAST LIVERPOOL (City) v. GOODBALLET et
No. 20208. Supreme Court
On motion to certify. Dock. Dec. 9, 1926, 4 Abs. 833.

941. PRACTICE AND PROCEDURE — Where the 70 day limit for perfecting error proceedings expires on Memorial Day which happens to be Sunday, thus making Monday a legal holiday, does the filing on Tuesday thereafter bring the appeal within or without the statute?

First Publication of this Case

The City filed their petition in error to the Columbiana Appeals seventy-two days after the motion for a new trial was overruled in the lower Court. However, the seventy day period expired on Sunday which was also Memorial Day. Sec. 8201 GC. makes the next proceeding week day a holiday and the City filed on Tuesday which was two days after the limit expired.

The City contends in the Supreme Court that because the clerks office was not open either Sunday or the Monday following, they are entitled to file on Tuesday, and htat their so doing brings them within 10216 and 12270 GC. being the statutes governing such matters.

Attorneys—Frank H. Hoover, City Solicitor, for City; Brooks & Thompson for Goodballet et; all of East Liverpool.

Note—Motion to certify overruled, 5 Abs. 44.

### No. 153
ROBINSON, Admr. v. PENN R. R. CO.
No. 20196. Supreme Court
On motion to certify. Dock. Nov. 29, 1926, 4 Abs. 805.

225. CHARGE TO JURY—Is refusal of request to charge, that one driving at night must have his machine under such control that he must avoid obstructions or danger within the area of his headlights, reversible error?

First Publication of this Case

Ralph N. Robinson was killed July 8, 1921 while crossing at about 1:00 o'clock A. M., the tracks of the Pennsylvania Railroad Co. in the village of Atwater, Portage County, Ohio;

and while traveling upon the road, to which he was a total stranger.

The case has been tried three times and always reversed by the Court of Appeals, the principal ground of error being that the trial court refused to charge what is known as request No. 1 of the Company, and is as follows:—

"The court says to you that the law required Ralph N. Robinson, plaintiff's decedent and driver of the automobile on the night in question, to have his machine under such control that the machine could be stopped or otherwise avoid obstructions and dangers within the area lighted by its headlights." Robinson, Admx. contends in the Supreme Court:

1. That above request is not and never has been the law of the State of Ohio or any sister state.

2. That request No. 1 is palpably bad law, not applicable to the facts of the case, and the refusal of the trial court to give this request could in no manner be prejudicial.

3. That the Supreme Court in 111 OS. 726 never meant to lay down a rule of law to the jury which was palpably bad or which was not material or relevant to facts in a case.

Attorneys—Moore, Barnum & Hammond for Robinson; Harrington, DeFord, Huxley & Smith for Company; all of Youngstown.

Note—Motion to certify allowed, 5 Abs. 44.